UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LARRY WALKER,

        Petitioner,             Case No. 1:22-cv-497

v.                                        Hon. Hala Y. Jarbou

CHRIS KING,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## **Discussion**

### I. **Factual allegations**

Petitioner Larry Walker is incarcerated with the Michigan Department of Corrections at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan. On June 25, 2018, following a five-day jury trial in the Macomb County Circuit Court, Petitioner was convicted of second-degree murder, in violation of Mich. Comp. Laws § 750.317, and use of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On August 15, 2018, the court sentenced Petitioner to 30 to 50 years' imprisonment for second-degree murder to be served consecutively to a sentence of 2 years for felony-firearm.

The Michigan Court of Appeals described the facts underlying Petitioner's convictions as follows:

> Defendant's convictions arise from the April 24, 2017 shooting death of 16-year-old Kenneth Cutts, Jr., in Warren, Michigan. Cedric Smith-Cole, then 17 years old, lived on Paige Avenue in Warren, and was good friends with Cutts. Smith-Cole testified that on April 22, 2017, he (Smith-Cole) was involved in a fight with defendant and defendant's friend, Anthony Nelson. Nelson's house was located on Paige, just west of McArthur, and defendant was at Nelson's home on April 24, 2017.
>
> Smith-Cole testified that on April 24, 2017, Cutts was walking over to Smith-Cole's house, which was located east of McArthur Blvd., and it was their usual practice for Smith-Cole to meet Cutts at the nearby corner of Paige and McArthur. Smith-Cole testified that after Cutts passed Nelson's house on the way to McArthur, defendant appeared behind Cutts. Apparently, Cutts owed defendant $10 for a prior purchase of marijuana from defendant. When Smith-Cole notified Cutts of defendant's presence, Cutts turned around and words were exchanged. Defendant purportedly drew a gun from his pants and tapped it toward Cutts's head. Cutts then tried to wrestle the gun away, but when he failed to do so, he ran away toward Smith-Cole. Smith-Cole said that defendant pointed the gun and squinted his eye as if trying to aim, and fired a shot. The shot struck Cutts in the back of the neck

and the bullet exited through his mouth, resulting in his death. Walker then picked up the shell casing from the spent bullet and ran away.

Defendant testified to a different version of events. He denied fighting with Smith-Cole on April 22, 2017. He stated that on April 24, 2017, he was at Nelson's house for a barbeque. At some point, he left to walk to the store by heading east along Paige. According to defendant, when he got past McArthur, he saw Smith-Cole ahead of him, approaching. Just then, although defendant did not know who it was at the time, Cutts jumped him from behind and placed a choke hold on him. While defendant was being choked, Smith-Cole tried to go through defendant's pockets. Defendant tried to break free from the choke hold while simultaneously trying to fend off Smith-Cole. At some point, Smith-Cole felt the gun in defendant's pocket and started to run away. Right then, defendant pulled the gun out from his pocket, spun around to get Cutts off of him, and fired a single shot. Defendant claimed, "I didn't see him. I just shot. I just spint [sic] and shot." But he also stated, "I saw him you know, I shot so fast, and I kept running."

Afterward, defendant made his way to a nearby home on Essex Avenue, which was a few blocks north of Paige. There, he obtained a change of clothes and asked a person there to dispose of some bullets, but the person refused. Defendant left and later went to a house located at 20100 Concord in Detroit. After tracking defendant's location with cell phone data, the police found him at the Concord house hiding in a dryer in the basement.

Although defendant was charged with first-degree premeditated murder, the jury convicted him of the lesser included offense of second-degree murder, as well as felony-firearm . . . .

*People v. Walker*, No. 345294, 2020 WL 1046699, at *1–2 (Mich. Ct. App. Mar. 3, 2020).

On May 31, 2022, Petitioner filed his habeas corpus petition. He subsequently filed an amended petition raising five grounds for relief, as follows:

I.  Walker was denied preservation of his autonomy to decide the objective of his defense in violation of U.S. Const. XIVth Ams. and VIth Ams.

II. The trial court violated Walker's U.S. Const. XIVth and VIth Ams. right to be present at all critical stages of the prosecution against him during the summing-up of counsel.

III. Walker was denied his procedural due process right to trial by jury in violation of U.S. Const. XIVth and VIth Ams. because he never waived his

3

        right to a properly instructed jury but his jury was not provided the option of voluntary manslaughter.

IV.    Walker was denied his right to effectiveness of trial counsel where counsel failed to exercise the reasonable professional judgment to, prior to and during trial pursue the defense of voluntary manslaughter rather than self-defense, and pursue [and] present evidence, arguments, and jury instructions in support of the former rather than the latter, and execute the agenda at trial, even though he requested 2nd degree murder charges as a lesser of first degree murder and the evidence supported both lessers but not self-defense.

V.    Walker was denied effectiveness of appellate counsel and due process on direct appeal where counsel presented issue #1 and 2 of A.E #58, rather than conducting reasonable investigation of the case, moving for correction o transcriptional error, and presenting an affidavit and exhibits in support of motion for remand and/or evidentiary hearing (if opposed) in pursuit of relief for claims A1-A45; B1-B4; C1-C6 and, D1-D60 above entitled Walker to evidentiary hearing and/or vacation of his second degree murder conviction.

(Am. Pet., ECF No.11, PageID.567, 577–579, 603.) Petitioner acknowledges that he has failed to exhaust his state court remedies with respect to his habeas claims. (*Id.*) (describing claims as "partially exhausted").

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at

845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that his claims are, at best, partially exhausted. He has raised them by way of a motion for relief from judgment in the trial court, to no avail. He has raised them again in the Michigan Court of Appeals. His application for leave to appeal to that court remains pending. *See* https://www.courts.michigan.gov/c/courts/coa/case/361307 (visited July 6, 2022). He has not raised the claims in the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this petition. He may continue his application for leave to appeal to the Michigan Court of Appeals and, if that court denies relief, he may file an application for leave to appeal to the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley*, 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.") (citation omitted).

Petitioner indicates that at least some subparts of this habeas claims were raised on direct appeal. Those parts appear to be exhausted. Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982),

5

district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.

Petitioner implicitly acknowledges that dismissal for failure to exhaust state court remedies is appropriate here because he asks the Court to, in lieu of dismissal, enter an order staying these proceedings and holding them in abeyance as contemplated in *Rhines v. Weber*, 544 U.S. 269, 277 (2007). (ECF No. 2.) That special remedy became necessary because the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1). Thus, dismissal without prejudice might effectively preclude future federal habeas review. This result was rendered more likely after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines*, 544 U.S. at 277 (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court

denied his application initially on December 28, 2020, and upon reconsideration on March 2, 2021. It does not appear that Petitioner petitioned for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, May 31, 2021. Accordingly, absent tolling, Petitioner would have one year, until May 31, 2022, in which to file his habeas petition. Petitioner filed the instant petition on that date.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him.

Petitioner filed his motion for relief from judgment on November 17, 2021. *See People v. Walker*, No. 2017-00346-FC (Macomb Cnty. Cir. Ct.), Docket Information, available at http://courtpa.macombgov.org/eservices/search.page.7;jsessionid=B6BABA55254C62EEB9DA02D6EF776D44?x=JVeLjylgByXPINTJZeDhGw (search "2017-003436-FC," visited July 6, 2022). The statute remains tolled because Petitioner's appeal remains pending.

Where a petitioner has not yet filed a motion for post-conviction relief, the *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file the motion, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after

he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Where Petitioner has already filed his motion for collateral relief, thirty days to return to this Court after exhausting state court remedies should suffice. Petitioner has more than five months remaining in his period of limitation. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period. Petitioner is advised that any habeas petitions he files in the future should be on the Court's approved form.

### III.     Other motions

Petitioner has packed several additional requests for relief into a couple of motions (ECF Nos. 7, 10). In those motions Petitioner asks the Court to permit certain amendments to his previous submissions. Petitioner goes so far as to ask for leave to amend the petition. Petitioner is permitted to amend his petition once as a matter of course under Federal Rule of Civil Procedure 15. The Clerk has accepted and docketed Petitioner's amended petition for filing. (ECF No. 11.) Accordingly, to the extent Petitioner seeks leave of court to amend his petition, leave will be denied as unnecessary. Petitioner further requests leave to amend his other submissions, including motions, briefs, and other supporting materials. Leave to amend those materials will likewise be denied as unnecessary. The Court has considered all of the materials Petitioner has submitted in conducting this preliminary review.

Petitioner also asks the Court to release him on bond pending resolution of his petition. In *Dotson v. Clark*, 900 F.2d 77 (6th Cir. 1990), the Court of Appeals recognized that, in limited circumstances, a district court may grant bond pending a decision on the merits of a habeas corpus petition. The *Dotson* court indicated, however, that the power to release petitioner on bond must be exercised sparingly and only in the presence of exceptional circumstances. *Dotson*, 900 F.2d at 79; *see also Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Under *Dotson*, the prisoner seeking release on bond "must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of some 'circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson*, 900 F.2d at 79 (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The habeas petitioner, who is incarcerated under a presumptively valid criminal conviction, is on a much weaker footing than a pretrial accused or even a convicted defendant waiting appeal. *See Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978).

Applying the two-prong test in *Dotson*, and particularly in light of the dismissal of the petition as unexhausted, this Court finds neither a substantial claim on the merits of the petition nor exceptional circumstances deserving special treatment in the interest of justice. Petitioner's motion is perfunctory and states no substantial basis for the extraordinary relief he seeks. Petitioner has not clearly demonstrated that the state courts' disposition of his claims was contrary to federal law or was an unreasonable determination of the law or facts. 28 U.S.C. § 2254(d). Relief, if any, must await review of the state record upon exhaustion of state court remedies. Petitioner's request for release on bond will be denied.

### IV.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*. The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying a certificate of appealability, denying Petitioner's request for a stay of proceedings, denying Petitioner's requests to amend as unnecessary, and denying Petitioner's request for release on bond.

Dated:   July 13, 2022                                              /s/ Hala Y. Jarbou
                                                                     HALA Y. JARBOU
                                                                     UNITED STATES DISTRICT JUDGE